FISHER A. KINGSBURY *vs.* ISAAC N. ELLIS & another.

A promissory note, given to a magistrate for the amount of fines and costs imposed by him upon the maker of the note on a criminal charge, is void, for want of consideration moving from the payee personally, and also because the transaction is in violation of a public duty.

THIS action, which was assumpsit to recover the amount of a promissory note signed by the defendants as promisors, was submitted to the determination of the court of common pleas, and came by appeal to this court, upon the following agreed statement of facts : —

The plaintiff is a magistrate of this county, and in January last, the defendant, Isaac N. Ellis, was arraigned before him, upon seven distinct complaints, for selling spiritous liquors without a license, and was convicted upon the charge contained in each of the complaints, and thereupon sentenced to pay to the use of the commonwealth a fine of $20 upon each, with costs of prosecution, amounting in the whole to the sum of $181·86, (the amount of the note in suit) and to stand committed until these several sentences were complied with. The defendant expressed a wish, and moved for a remission of a part of the fines; but was informed by the plaintiff, that he as a magistrate had no authority to remit any part thereof; that if he, the defendant, wished for such remission, the only way to obtain it was to appeal from his judgment, and enter his appeal at the next court of common pleas, as the district attorney, and he only under the direction of the court, had the power of remitting the whole or any part of the fine and cost; and for that purpose was informed by the officer present, that he must employ a lawyer. This Ellis declined to do, and said he would

pay the fines and costs, if the plaintiff, the magistrate, would take his note for a few days. The plaintiff agreed to take his note, if he would procure a surety, which he did ; and the note now in suit was then given, payable to the plaintiff, the mag strate, or order, on demand, with interest; and the plaintiff then informed Ellis, that he should leave the note with the county treasurer, where he could call and pay it. The note not having been paid, the plaintiff commenced this action for the recovery thereof, at the court of common pleas, to be holden on the fourth Monday of April last, which action was duly entered and continued from term to term to the next December term ; at which, on the 13th day of December, 1848, the plaintiff paid to the county treasurer of this county, the full amount of the said several fines, being $140. The fees of the magistrate and witnesses were correctly taxed, and the fees of the constable, taxed at $3·03, in each case making $21·21, have been paid to the constable by the defendant.

The case was argued in writing by *F. A. Kingsbury*, for himself, and by *J. Richardson*, for the defendants.

SHAW, C. J. This action is assumpsit on a note given by the defendant for the amount of several fines and costs, to which the defendant was sentenced by the plaintiff, acting therein as a magistrate.

Upon the case stated, the court are of opinion, that the plaintiff cannot recover. There was no consideration moving from the plaintiff personally, because he was acting in a judicial capacity, and could have no personal interest, either in committing or discharging the defendant. Nor could he take a note as trustee for the county or the commonwealth, for want of authority.

But a more important ground of defence is, that the consideration was illegal, being in violation of a public duty. The object of the law is to punish its violation ; and the mode specially provided is by the actual payment of a fine, to be enforced by immediate imprisonment, until its payment: or by imprisonment for a term of time prescribed by the sentence. *Harris* v. *Commonwealth*, 23 Pick. 280. This case

is quite distinguishable from that of *Beely* v. *Wingfield,* 11
East, 46, cited in the argument; that was a note given to
parish officers, at the recommendation of the court, as an
indemnity for expenses personally incurred by the parish.

But such a proceeding as this is entirely contrary to public
policy. If a magistrate, or any other judicial officer, could
enter into a negotiation with a convict, take a contract
to himself, and enforce it by law, it would operate as a
temptation to the judge, and lead to the oppression of the
accused by the use of public process. If the judge might
take a note with surety, he might take a pledge of personal
or a mortgage of real estate, or make any other contract in
his own name. It would, we think, lead to complicated
relations between ministers of the law, and parties accused,
entirely inconsistent with the purity, simplicity and directness
which should ever characterize the administration of the
criminal law.